IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

JEFFERY L. BURNETT            )
                              )
v.                            )     No. 2:04-0078
                              )     Judge Wiseman/Brown
JO ANNE B. BARNHART, Commissioner )
of Social Security            )

To:  The Honorable Thomas A. Wiseman, Jr., Senior Judge

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C.
§405(g), to obtain judicial review of the final decision of the
Commissioner of Social Security denying plaintiff disability
insurance benefits ("DIB"), as provided under Title II of the
Social Security Act ("the Act"), as amended.  The case is
currently pending on plaintiff's motion for judgment on the
administrative record (Docket Entry No. 9), to which defendant
has responded (Docket Entry No. 15).  For the reasons stated
below, the Magistrate Judge recommends that plaintiff's motion be
**DENIED**, and that the decision of the Commissioner be **AFFIRMED.**

## I.  INTRODUCTION

Plaintiff protectively filed for DIB in August 2001,
alleging that he became disabled on December 9, 2000, due to neck
pain, headaches, pain in his right hip and back, and nerve damage
to the neck area following an automobile accident (Tr. 70, 77,

1

91).  As a result of this accident in which plaintiff's passenger was killed, plaintiff was convicted on September 18, 2002, of vehicular homicide by reckless conduct, a class C felony (Tr. 69).

Plaintiff's DIB claim was denied initially (Tr. 49-50, 53-56) and upon reconsideration (Tr. 51-52, 59-60).  Plaintiff subsequently requested and received a hearing before an Administrative Law Judge ("ALJ"), at which plaintiff was represented by counsel and gave testimony, as did an independent vocational expert ("VE") (Tr. 28-47).  On February 4, 2004, the ALJ issued a written decision finding plaintiff not disabled. The ALJ made the following findings:

1.    The claimant met the disability insured status requirements of the Act on December 9, 2000, the date he stated he became unable to work, and continues to meet them through at least the date of this decision.

2.    The claimant has not engaged in substantial activity since December 9, 2000.

3.    The medical evidence does not establish that the claimant has any "severe" impairments, not arising in connection of a felony.

4.    The claimant cannot be found to be under a "disability," as defined in the Social Security Act, as a matter of law, at any time through the date of this decision.

(Tr. 19).

On August 2, 2004, the Appeals Council denied plaintiff's request for review of the decision of the ALJ (Tr. 7-9), thereby rendering that decision the final decision of the

Commissioner.  This civil action was thereafter timely filed, and the Court has jurisdiction.  42 U.S.C. § 405(g).  If the Commissioner's findings are supported by substantial evidence, based on the record as a whole, then these findings are conclusive.  Id.

## II.  REVIEW OF THE RECORD

Plaintiff was forty-seven years old at the time of his administrative hearing (Tr. 32).  His education included completion of two years of college (Tr. 32, 97).  His past relevant work was as a delivery truck driver (Tr. 32).

The ALJ's decision and the briefs of the parties discuss plaintiff's impairments, symptoms, and the medical treatment he has received.  As a result of the December 9, 2000 motor vehicle accident, plaintiff sustained injuries to his head, neck, and right femur which continue to cause him pain and other physical problems, as well as depression, anxiety, and panic attacks.  Plaintiff's treating physicians and treating psychiatrist have opined that his symptoms are so severe as to preclude even sedentary work (Tr. 216-17, 232, 335-37, 344-46, 363-65, 452-54).  Plaintiff testified that all of his impairments arose out of the December 9, 2000 motor vehicle accident (Tr. 43), which resulted in his 2002 felony conviction and receipt of a six-year suspended sentence with supervised probation (Tr. 69).

3

### III. CONCLUSIONS OF LAW

This case was not decided in typical fashion under the five-step sequential evaluation process, although threshold factual findings were made regarding plaintiff's insured status and his absence from work activity since the alleged onset date. Rather, the administrative review of plaintiff's claim took a different turn when plaintiff was convicted of a felony in September 2002, after the first rounds of agency review but prior to the ALJ hearing and decision. As recognized by both parties, the Social Security Act provides that Title II benefits will not issue to applicants whose impairments result from, or are exacerbated by, the commission of a felony:

> Notwithstanding any other provision of this subchapter, any physical or mental impairment which arises in connection with the commission by an individual ... of an offense which constitutes a felony under applicable law and for which such individual is subsequently convicted, or which is aggravated in connection with such an offense ... shall not be considered in determining whether an individual is under a disability.

42 U.S.C. § 423(d)(6)(A). This restriction was implemented for agency purposes by regulation, 20 C.F.R. § 404.1506(a).

In accordance with the above-cited language, the ALJ made his determination as a matter of law, finding that all of plaintiff's severe impairments were attributable to the motor vehicle accident which resulted in plaintiff's felony conviction. There is no dispute that the offense of conviction was a felony

4

under Tennessee law, nor that plaintiff's impairments resulted from the accident which led to his conviction. Plaintiff's only arguments are that the ALJ erred in citing plaintiff's intoxication at the time of the accident as a relevant factor, and that the preclusion of benefits is inequitable in this case because the offense of conviction was not an intentional offense, but merely an offense of recklessness.

Plaintiff's arguments have no merit. The ALJ merely mentioned plaintiff's intoxication at the time of the accident (Tr. 18), but did not make (nor could he have made) this detail into any sort of relevant factor in his analysis. Rather, the applicable law is perfectly clear in its requirement of only the claimant's conviction of any felony offense and the origin of that claimant's impairments in the commission of that offense. The mere fact that Tennessee law provides that vehicular homicide resulting from driver intoxication is a "Class B" felony, while plaintiff was charged with and convicted of a "Class C" felony, does not make the ALJ's reference to plaintiff's "intoxication" anything other than harmless error, if an error at all.[1]

Likewise, plaintiff's argument that he did not commit an intentional offense, and that "[h]ad he been unaccompanied, his conduct would not have been the basis for a felony

---

[1]Plaintiff admitted at the hearing that alcohol was related to the accident (Tr. 42).

5

conviction", is not persuasive.  In particular, the argument that *plaintiff* was the victim of bad luck in this case is miscast. Unfortunately for all involved, plaintiff was *not* unaccompanied when he recklessly caused the accident at issue here, and § 423(d)(6)(A) draws no distinction between felony offenses that rest on intentional conduct and those that rest on lesser degrees of culpability.  The law is clear, the facts are undisputed, and this Court is thus bound to uphold the decision reached by the Commissioner.

## IV.   RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that plaintiff's motion for judgment on the administrative record be **DENIED**, and that the decision of the Commissioner be **AFFIRMED**.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en

6

banc).

**ENTERED** this the 11th day of July, 2005.

_/s/_____
JOE B. BROWN
United States Magistrate Judge